UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCARLETT VERMILLION,

Plaintiff,

v.

LACEY POLICE DEPARTMENT and CHRIS PACKARD,

Defendants.

CASE NO. 3:17-cv-05514-RJB

ORDER ON DEFENDANT LACEY POLICE DEPARTMENT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendant Lacey Police Department's Motion for Summary Judgment. Dkt. 15. The Court has considered Plaintiff's Response (Dkt. 20), Defendant Lacey Police Department's Reply (Dkt. 23), and the remainder of the file herein.

Defendant Lacey Police Department (herein, "Defendant") argues that summary judgment of dismissal of Plaintiff's 28 U.S.C. §1983 action under Fed. R. Civ. P. 56 is warranted for two reasons. First, Defendant argues, Plaintiff's claims are barred by the statute of limitations, because the claims are governed by a three year statute of limitations, and the

complaint references an incident on July 4, 2014, but was not filed until July 10, 2017. Second, Defendant argues, Lacey Police Department is not a proper defendant, because the police department is not a separate entity from the city, and the city has taken no steps to allow its police department to be sued separately. Dkt. 16 at 3, 4. Defendant Chris Packard is separately represented and has not joined Defendant Lacey Police Department in this motion.

**A. Standard on motion for summary judgment raised under Fed. R. Civ. P. 56.**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect.*

*Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B. Is this case barred by the three year statute of limitations?**

Defendant argues that the case should be dismissed on statute of limitations grounds, because the underlying incident alleged occurred on July 4, 2014, but the case was not filed with the Clerk of Court until July 10, 2017. Dkt. 15 at 2. Defendant cites to Docket 1-3, a pleading with an ECF date stamp of July 10, 2017. The same pleading also appears to have a date stamp by the Clerk of Court dated July 6, 2017 and a signature of Plaintiff dated June 30, 2017. *See id*.

Plaintiff, who is *pro se*, agrees that the alleged event occurred on July 4, 2014, and takes no issue with the applicability of a three year statute of limitations. Dkt. 20 at 2, ln 14. *See* RCW 4.16.080(2). Plaintiff disagrees about the filing date. According to Plaintiff, her "efiled [complaint] was sent in July 2, 2017 . . . and was processed July 5, 2017," and due to the July 4th holiday, "it wasn't until July 6, 2017 that the mail version [of the complaint] arrived in Seattle, WA and transferred to Tacoma, WA [*sic*]," but that complaint "was in the mail June 30th[*sic*]." *Id*. at 2, ln 8-12; *id*. at 8, ln 7. *See also*, *id*. at 5, ln 12-15. Plaintiff also argues that the statute of limitations should run from November 18, 2016, the date that "the reasons . . . known as to 'why' . . . started unfolding from that day forward." *Id*. at ln 18, 19. Handwritten text next to the

date reads, "date of major injuries and began treatment," which could be construed to mean that Plaintiff began treatment on November 18, 2016. *See id.* at ln 19.

Defendant's Reply argues that filing is complete only upon receipt by the Clerk and that, in this case, "nothing submitted by plaintiff establishes that the Clerk's office received the complaint prior to July 6, 2017." Dkt. 23 at 1.

Plaintiff brings this case pursuant to 28 U.S.C. 1983, so the statute of limitations and coordinate tolling rules are determined with reference to Washington law. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981); *Bianchi v. Bellingham Police Department*, 909 F.2d 1316 (1990). RCW 4.16.080(2) provides a three year statute of limitations for injury to the person or rights of another and applies to personal injury cases brought under §1983. *See Rose*, 654 F.2d at 547. Washington law allows for equitable tolling "when justice requires." *Millay v. Cam*, 135 Wn.2d 193, 206 (1998). "Equitable tolling is appropriate when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations." *Id*. "The predicates for equitable tolling are bad faith, deception, or false assurance by the defendant and the exercise of diligence by the plaintiff." *Id*.

Perhaps contributing to the confusion in this case is the fact that Plaintiff filed two versions of the complaint, one which was e-filed (Dkt. 1-2) and one which was filed by mail (Dkt. 1-3). Defendant's argument ignores the e-filed complaint in favor of the complaint filed by mail. The docket reflects a July 5, 2017, 12:47 AM email sent by Plaintiff to "newcases.seattle@wawd.uscourts.gov," an Inbox managed by the Clerk's Office for new-filed cases in this district. Dkt. 1-9. The email included an attachment, which appears to be the e-filed complaint. *See id*. and Dkt. 1-2. Assuming that the three year statute of limitations began on July 4, 2014, then July 4, 2017 would be the last day for Plaintiff to file, and e-filing at 12:47 AM on

July 5, 2017 was forty-seven minutes too late. However, July 4th is a legal holiday, a day when the Clerk's Office is inaccessible, *see* Fed. R. Civ. P. 6(b), so the statute of limitations therefore ran on July 5, 2017. Plaintiff timely e-filed the complaint.

Even if Plaintiff had not timely e-filed the complaint, there is a sufficient showing that the statute of limitations should be equitably tolled. Plaintiff missed the statute of limitations by a single day at most. Rule 6(b) extends the July 4, 2017 statute of limitations deadline by one day, to July 5, 2017, and the date stamp received on the mailed complaint is July 6, 2017. Dkt. 1-3. Equitable tolling is warranted in this case because its application is consistent with the purposes of the §1983 cause of action and the statute of limitations. Section 1983 "promote[s] compensation of persons whose civil rights have been violated, and prevention of abuse of state power." *Hahn v. Waddington*, 694 Fed.Appx. 494, 495 (9th Cir. 2017), citing *Burnett v. Grattan*, 468 U.S. 42, 53 (1984). The purpose of RCW 4.16.080(2) is "finality and protection against stale and unverifiable claims." *Id*., citing *Kittinger v. Boeing Co.*, 21 Wn.App. 484 (1978). The predicate to equitable tolling, consideration of the plaintiff's diligence[1], is satisfied by Plaintiff's efforts, where she made at least two attempts to timely file the complaint. Equitable tolling would preclude dismissal, if the complaint had not been timely e-filed.

The Court does not reach the merits of Plaintiff's argument that the statute of limitations should run from November 18, 2016, because Plaintiff has not made a sufficient showing as to why the three years should run from that date.

---

[1] *Hahn* reads the "predicates" in *Millay* in the disjunctive, where, after a showing of the sufficiency of underlying purposes, the plaintiff may show either an exercise of diligence by her or bad faith, deception, or false assurances by the defendant.

Because the complaint was filed within the statute of limitations, Defendant's motion should be denied in part.

**C. Is Lacey Police Department a proper defendant?**

Defendant argues that to sue the police department, the police department must enjoy a separate legal existence, but in this case, there is no evidence that the City of Lacey has taken steps to allow its police department to be sued separately. Dkt. 15 at 4; Dkt. 23 at 3.

Plaintiff's argument is not entirely clear, but it appears Plaintiff argues that the police department is a proper defendant because she has sued "Lacey Police Department," and the phrase "police department" only defines which part of the city she has sued. Dkt. 20 at 8.

The capacity of a governmental body to be sued . . . is governed by the law of the state in which the district court is held. *N Grp. LLC v. Hawai'I Cnty. Liquor Comm'n*, 681 F.Supp.2d 1209, 1233 (D. Haw. 2009) (internal quotations and citations omitted); Fed. R. Civ. P. 17(b). "In order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)(citation omitted). Thus, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.*

Applied here, the Court has reviewed the City of Lacey Municipal Code and finds no legislative intent to treat the city and the police department as separate legal entities capable of being sued separately. The Municipal Code for the City of Lacey defers to state law, where the city "determined to reorganize under the council-manager plan of government authorized by [RCW] 35A.13." City of Lacey Municipal Code, 1.04.010. Examining state law, the Court finds no intent to subject city departments to suit separate from cities themselves. *See* RCW 35A.13.230 (giving city councils organized under the council-manager plan "powers and

authority granted to legislative bodies . . . as more particularly described in [RCW] 35A.11, except insofar as . . . vested in the city manager"); RCW 35A.11.010 (cities "may sue and be sued in all courts and proceedings"). Plaintiff has made no showing—and state law does not reveal—that the City of Lacey granted its police department the capacity to engage in litigation apart from the city itself.

Because Lacey Police Department is not a proper defendant, Defendant's motion should be granted in part.

**D. Leave to amend.**

Although Lacey Police Department is not a proper party, Plaintiff should be given the opportunity to amend to cure the deficiency. *See Darby*, 939 F.2d at 314 (reverse and remand for failing to give the plaintiff a chance to fix the defect of not asserting the cause of action against the proper entity). If Plaintiff believes she has a viable claim against the City of Lacey, the amended complaint should name the City of Lacey as a defendant, rather than the Lacey Police Department, and should be filed by Friday, November 17, 2017. Failure to amend will result in dismissal of Lacey Police Department from the case.

Plaintiff should be forewarned that alleging §1983 claims against a government entity is different than alleging them against an individual, and she may amend her complaint accordingly if she has a provable claim. Local governments are generally not liable for the unconstitutional acts of their employees. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992). Rather, to establish municipal liability under § 1983, the plaintiff must show that (1) she was deprived of a constitutional right; (2) the government had a policy; (3) the policy amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Burke v. County of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009). In the

absence of a formal written policy, the plaintiff must allege a pervasive or "longstanding practice or custom which constitutes the standard operating procedure" that is so "persistent and widespread . . . it is permanent and well settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

**E. Plaintiff's Response (Dkt. 20), if construed as a motion to continue.**

Plaintiff's Response (Dkt. 20), apart from addressing the merits of Defendant's motion, seeks a continuance of Defendant's motion for Plaintiff to obtain representation. The Court previously denied this request (Dkt. 19), and Plaintiff has made no additional showing as to why the Court should revisit the issue. To the extent Plaintiff's Response is construed as a motion to continue, that motion should be denied.

* * *

THEREFORE, Defendant Lacey Police Department's Motion for Summary Judgment (Dkt. 15) is GRANTED IN PART and DENIED IN PART as follows:

(1) Claims against Defendant Lacey Police Department are not barred by the statute of limitations.

(2) Lacey Police Department is not a proper defendant.

(3) Plaintiff may file an amended complaint naming the City of Lacey, rather than Lacey Police Department, as a defendant, but she must do so by **Friday, November 17, 2017**.

(4) The Clerk is directed to dismiss Lacey Police Department from the case after Friday, November 17, 2017, if Plaintiff fails to file an amended complaint by that date.

To the extent Plaintiff's Response (Dkt. 20) is construed as a motion to continue, the motion is DENIED.

The case remains pending at present against Defendant Chris Packard, who is not a party to this motion.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 2nd day of November, 2017.

ROBERT J. BRYAN
United States District Judge