UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCARLETT VERMILLION,<br><br>                        Plaintiff,<br>    v.<br><br>CITY OF LACEY AND LACEY POLICE DEPARTMENT, CHRIS PACKARD, and THURSTON COUNTY,<br><br>                        Defendants. | CASE NO. 3:17-cv-05514-RJB<br><br>ORDER ON LACEY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

     THIS MATTER comes before the Court on the Motion for Summary Judgment filed by Lacey Police Department and the City of Lacey ("the Lacey Defendants"). Dkt. 39. The Court has reviewed the motion and the remainder of the file herein.

BACKGROUND

**A. Complaint and Amended Complaint.**

     This 28 U.S.C. §1983 case arises from Plaintiff's negative encounter with law enforcement on July 4, 2014. Plaintiff e-filed the Complaint on July 5, 2017, the last day to file

- 1

1 | under the applicable three year statute of limitations, given the July 4th holiday. Dkts. 1-2, 1-9.

*See discussion*, Dkt. 24 at 3-6. The Complaint named as defendants Lacey Police Department and "Chris Packard c/o Lacey Police Department," both with the same mailing address of 420 College St. SE, Lacey, Washington. Dkt. 1-2 at 1.

On November 2, 2017, the Court issued an Order finding that "Lacey Police Department" is not a proper defendant. Dkt. 24 at 8. The Court directed dismissal of Lacey Police Department if Plaintiff failed to file an amended complaint naming the City of Lacey as a defendant. *Id*. Plaintiff filed the Amended Complaint on November 20, 2017. Dkt. 28. The Amended Complaint names three defendants: "Lacey Police Department and City of Lacey," "Chris Packard c/o –Officer," and "Thurston County a Political subdivision of the State of WA (Sheriff's Depart.)." Dkt. 28 at 2. The Amended Complaint alleges substantially the same set of facts. *See* Dkts. 1-2 and 28.

**B. The Lacey Defendants' Motion for Summary Judgment**

The Lacey Defendants filed their Motion for Summary Judgment on December 7, 2017. Dkt. 39. Attached to the motion is the declaration of Joe Upton, Commander with the Lacey Police Department, who represents under penalty of perjury that, after a thorough review of all Lacey Police Department records, "I have determined that no Lacey Police Department officers were involved in any way with the July 4, 2014 incident." Dkt. 40 at 1. A detailed 911 log for a July 4, 2014 police event references Chris Packard (*id*. at 3) and Plaintiff (*id*. at 4). The declaration of Defendant Packard states that since 2012 he has been continuously employed with Thurston County Sherriff's Office. Dkt. 35 at 1.

On January 3, 2018, after the both the Court and the Lacey Defendants warned Plaintiff of the consequences for failing to respond to a motion for summary judgment (*see* Dkt. 39 at 1;

1 Dkt. 43), Plaintiff filed a "Motion to respond/rebut dismissal/summary judgement of Chris
2 Packard and Thurston County/Summary Judgement of summary Judgement [*sic*]." Dkt. 44 at 1.
3 In the pleading, Plaintiff states, "I am just not that knowledgeable in all the different departments
4 and ranks of the law enforcement . . . I also believe that the Lacey Police Department was in fact
5 present that day [of July 4, 2014]." *Id*. at 6. Other pleadings filed around that date make no other
6 reference to the conduct of the Lacey Defendants. *See* Dkts. 45-47.

## STANDARD ON MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 S.Ct. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

1 e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect.
2 Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor
3 of the nonmoving party only when the facts specifically attested by that party contradict facts
4 specifically attested by the moving party. The nonmoving party may not merely state that it will
5 discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial
6 to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).
7 Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not
8 be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

Plaintiff has not made a showing of an issue of material fact as to the Lacey Defendants involvement in any way with the July 4, 2014 incident. The only showing Plaintiff makes is her bare, unsubstantiated "belie[f] that Lacey Police Department was in fact present," which is not enough to create an issue of material fact, when the record overwhelmingly points to the opposite. According to Commander Upton, there is no record of involvement by the Lacey Police Department with the July 4, 2014 incident. Plaintiff recalls the involvement of an Officer Packard, whom she has named in the Amended Complaint, but Defendant Packard has only ever been employed by Thurston County Sheriff's Office. Both Officer Packard and Plaintiff can be found on the 911 log.

It would appear that Plaintiff named the Lacey Defendants in the Complaint by mistake and named them again in the Amended Complaint out of an abundance of caution, but that is not a sufficient basis to preclude summary judgment of dismissal. Plaintiff has been warned and was given additional time to create a record, and she has not sought additional time to conduct

discovery as to the Lacey Defendants. The Lacey Defendants' motion for summary judgment should be granted, and they should be dismissed from the case.

* * *

THEREFORE, the Lacey Defendants' Motion for Summary Judgment (Dkt. 39) is GRANTED. Lacey Police Department and the City of Lacey are HEREBY DISIMSSED from this case.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of January, 2018.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge