UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCARLETT VERMILLION, | CASE NO. 3:17-cv-05514-RJB |
| Plaintiff, | ORDER ON DEFENDANT CHRIS PACKARD'S AND THURSTON COUNTY'S MOTION TO DISMISS/ SUMMARY JUDGMENT |
| v. | |
| CITY OF LACEY AND LACEY POLICE DEPARTMENT, CHRIS PACKARD, and THURSTON COUNTY, | |
| Defendants. | |

THIS MATTER comes before the Court on the Motion to Dismiss/Summary Judgment filed by Chris Packard and Thurston County (collectively, "the Thurston County Defendants"). Dkt. 34. The Court has reviewed the motion and the remainder of the file herein.

BACKGROUND

This 28 U.S.C. §1983 case arises from Plaintiff's negative encounter with law enforcement on July 4, 2014. Plaintiff e-filed the Complaint on July 5, 2017, the last day to file under the applicable three year statute of limitations, given the July 4th holiday. Dkts. 1-2, 1-9.

- 1

*See discussion*, Dkt. 24 at 3-6. The Complaint named as defendants Lacey Police Department and "Chris Packard c/o Lacey Police Department," both with the same mailing address of 420 College St. SE, Lacey, Washington. Dkt. 1-2 at 1.

On September 14, 2017, Donald R. Peters, Jr., Senior Deputy Prosecuting Attorney for Thurston County, entered a Special Notice of Appearance on behalf of Chris Packard, "without waiving objections as to improper service, jurisdiction, or venue." Dkt. at 10. The notice "directs that all notices and pleadings other than original process . . . be served upon said attorneys at the below address." *Id*. at 2. An Answer filed on behalf of Defendant Packard also raises affirmative defenses of service of process and statute of limitations. Dkt. 14 at 2. Mr. Peters first became aware of the lawsuit against Defendant Packard on September 1, 2017, when he received an email from counsel to the City of Lacey advising of the lawsuit. Dkt. 49-1.

On October 24, 2017, Plaintiff filed a signed letter, addressed to the Court, that explains Plaintiff's attempts at service of process. Dkt. 21 at 1. Plaintiff writes, "I believe I followed the rules correctly, however, I am not an attorney . . . . Here is my proof. If I am wrong, I am asking for an extension on the proper way to serve these entities and with an attorney present." Attached to the letter are what Plaintiff describes as "copies of the receipts of service to John E Justice, Donald R Peters Jr, sent to The City Clerk 420 College St. SE, Lacey, WA 98503." *Id*. *see id*. at 2-11. A certified mail receipt shows delivery to that address on August 25, 2017. *See id*. at 2, 7.

On November 2, 2017, the Court issued an Order on a Motion for Summary Judgment filed by Defendant City of Lacey, finding that "Lacey Police Department" is not a properly-named defendant. Dkt. 24 at 8. The Court directed dismissal of Lacey Police Department from the case if Plaintiff failed to file an amended complaint properly naming the City of Lacey. *Id*. Plaintiff filed the Amended Complaint on November 20, 2017 and named three defendants: (1)

- 2

1  "Lacey Police Department and City of Lacey," located at 420 College St. SE in Lacey,

2  Washington; (2) "Chris Packard c/o –Officer," located at 2000 Lakeridge Dr. SW in Olympia,

3  Washington; and (3) "Thurston County a Political subdivision of the State of WA (Sheriff's

4  Depart.)," also located at 2000 Lakeridge Dr. SW in Olympia, Washington. Dkt. 28 at 2. The

5  Amended Complaint alleges substantially the same set of facts. *See* Dkts. 1-2 and 28.

6  On December 13, 2017, all parties filed a Joint Status Report. Dkt. 41 at 7. Mr. Peters

7  noted that he "declined to participate in 26(f) Conference—no jurisdiction over Thurston County

8  defendants[.]" *Id*. A Scheduling Order issued December 15, 2017, sets out a case schedule,

9  including a discovery deadline of July 2, 2018, and jury trial date of October 29, 2018. Dkt. 42.

10  The Thurston County Defendants filed this Motion to Dismiss/Summary Judgment on

11  December 1, 2017. Dkt. 34. The motion seeks dismissal based on lack of service of process and

12  the failure to initiate the action within the statute of limitations. *Id*. The motion also raises

13  arguments particular to Defendant Thurston County, because it was not named in the Complaint

14  and was only later added in the Amended Complaint. *Id*.

15  DISCUSSION

16  A.  Service of process on Defendant Packard and Defendant Thurston County.

17  **1.  Improper means of service of process.**

18  By certified mail received on August 25 2017, Plaintiff attempted to serve the pleadings

19  on Defendant Packard. Dkt. 21. Service by certified mail is an insufficient means to serve

20  Defendant Packard under Fed. R. Civ. P. 4. Defendant Packard has raised lack of service of

21  process as an affirmative defense in his Answer. *See* Dkt. 14. The Court finds that Plaintiff has

22  not sufficiently effectuated service of process on Defendant Packard.

23

24

1    The record nowhere shows that Plaintiff ever attempted service on Defendant Thurston

2    County, which was added as a named defendant in the Amended Complaint. *See* Dkt. 28. The

3    Court finds that Plaintiff has not sufficiently effectuated service of process on Defendant

4    Thurston County.

5        **2.  Timing of service of process.**

6        Because Plaintiff has not properly served either Defendant Packard or Defendant

7    Thurston County, the next question is whether time remains for Plaintiff to perfect service of

8    process.

9        Fed. R. Civ. P. 4(m) provides:

10   TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed,
     the court—on motion or on its own after notice to the plaintiff—must dismiss the action without
11   prejudice against that defendant or order that service be made within a specified time. But if the
     plaintiff shows good cause for the failure, the court must extend the time for service for an
12   appropriate period. This subdivision (m) does not apply to service in a foreign country . . .

13       Applying Rule 4(m) here, more than 90 days has elapsed since the filing of the

14   Complaint, so the Court "must dismiss the action . . . or order that service be made within a

15   specified time," unless Plaintiff has shown good cause, in which case the Court "<u>must</u> extend the

16   time for service[.]" *Id* (emphasis added). A careful review of Plaintiff's Response to the Thurston

17   County Defendants' motion does not reveal any good cause showing for the delay in service of

18   process. *See* Dkt. 44. Nonetheless, because (1) Plaintiff is *pro se*, (2) timely made efforts to serve

19   the defendants at the outset of the case, and (3) humbly qualified her efforts by offering to

20   perfect service if needed ("I believe I followed the rules . . . If I am wrong, I am asking for an

21   extension on the proper way to serve these entities"), the Court should exercise its discretion to

22   allow Plaintiff to attempt service of process "within a specified time," as allowed by Rule 4(m).

23       The Thurston County Defendants argue that the case is barred by the three year statute of

24   limitations, because although the Court found that the Complaint was timely filed on July 5,

- 4

2017, the last day within the three year statute of limitations, Dkts. 1-2, 1-9, *see* Dkt. 24 at 3-6,

Plaintiff thereafter failed to properly serve the defendants within 90 days, and under RCW

4.16.170, 90 days is the maximum period allowable to both file and serve the pleadings. Dkt. 34

at 3, 4.

The State of Washington statute invoked by Defendants states:

**Tolling of statute—Actions, when deemed commenced or not commenced.**
For the purpose of tolling any statute of limitations an action shall be deemed
commenced when the complaint is filed or summons is served whichever occurs first. If
service has not been had on the defendant prior to the filing of the complaint, the plaintiff
shall cause one or more of the defendants to be served personally, or commence service
by publication within ninety days from the date of filing the complaint . . . If . . .
following filing, service is not so made, the action shall be deemed to not have been
commenced for purposes of tolling the statute of limitations.

RCW 4.16.170.

Defendants' argument misses the mark, because Fed. R. Civ. P. 3, not RCW 4.16.170,

governs when a federal §1983 action is commenced. *See Sain v. City of Bend*, 309 F.3d 1134,

1138 (9th Cir. 2002) ("[W]e hold that a §1983 action is commenced in federal district court for

purposes of the statute of limitations when the complaint is filed"). Under Fed. R. Civ. P. 3, an

action "is commenced by filing a complaint with the court." Applied here, the case was

commenced upon filing of the Complaint, on July 5, 2017. RCW 4.16.170 does not determine

the commencement of this federal action, because "a federal court borrowing a state's time

period for filing suit brought under federal law should not also borrow the state's time limits for

serving the complaint." *S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir.

2006). *See also*, *Mullens v. City of Lakewood*, 2016 WL 4571915 at \*7-10 (W.D.Wash. 2016).

*Compare to Whidbee v. Pierce County*, 857 F.3d 1019, 1020-23 (9th Cir. 2017) (RCW 4.16.170

applied to state court action subsequently removed to federal court). Instead, "Rule 3 covers

commencement of civil actions and Rule 4 covers service of process." *Id*.

1    In sum then, because Fed. R. Civ. P. 4(m) gives this Court discretion to order service of

2    process within a specified time, and the filing of the Complaint timely commenced the case

3    under Fed. R. Civ. P. 3, dismissal based on the statute of limitations is not warranted. Plaintiff

4    should be given a limited opportunity, until **Friday, February 2, 2018**, to properly serve

5    Defendant Thurston County and Defendant Packard under Fed. R. Civ. P. 4. Plaintiff should file

6    an affidavit or other proof of service, and **Plaintiff is warned that certified mail is an**

7    **insufficient means of service of process**.

8    B.   "Relating back" Defendant Thurston County.

9        Adding Defendant Thurston County as a named defendant in the Amended Complaint

10   creates an additional layer of analysis particular to Defendant Thurston County. Because Plaintiff

11   commenced the case on the last possible day within the statute of limitations, she could only add

12   Defendant Thurston County within the statute of limitations if the Amended Complaint "relates

13   back" to the Complaint under Fed. R. Civ. P. 15(c).

14       Fed. R. Civ. P. 15(c) provides:

15   c) RELATION BACK OF AMENDMENTS.
         (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of
16       the original pleading when:
             (A) the law that provides the applicable statute of limitations allows relation back;
             (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or
17       occurrence set out—or attempted to be set out—in the original pleading; or
             (C) the amendment changes the party or the naming of the party against whom a claim is
18       asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for
         serving the summons and complaint, the party to be brought in by amendment:
19               (i) received such notice of the action that it will not be prejudiced in defending on the
                 merits; and
20               (ii) knew or should have known that the action would have been brought against it,
                 but for a mistake concerning the proper party's identity.

21       Applying Rule 15(c) here, and notwithstanding counsel's attempts to limit representation

22   in the case, the Court finds that adding Thurston County as a defendant relates back to the

23   Complaint. First, the Amended Complaint and Complaint both center on the §1983 allegations

24

- 6

1    that Defendant Packard used excessive force against Plaintiff, which is the same "conduct . . . or

2    occurrence . . . in the original pleading." *See* Fed. R. Civ. P. 15(1)(B)). Second, Defendant

3    Thurston County has made no showing of prejudice. *See* Fed. R. Civ. P. 15(1)(C)(i).

4    Both the municipality and Defendant Packard are represented by Mr. Peters, a Senior Deputy

5    Prosecuting Attorney at Thurston County Prosecuting Attorney's Office. Although Mr. Peters

6    legitimately refused to participate in the Rule 26(f) conference, the case proceedings are early;

7    only minimal, if any, discovery has been completed.

8         Finally, giving Plaintiff's representations the benefit of the doubt, Defendant Thurston

9    County "knew or should have known that the action would have been brought against it, but for a

10   mistake concerning the proper party's identity." *See* Fed. R. Civ. P. 15(1)(C)(ii). According to

11   Plaintiff, she first became aware that Defendant Packard was a law enforcement officer with

12   Thurston County, not Lacey Police Department, on November 16, 2017, and she filed the

13   Amended Complaint soon thereafter, on November 20, 2017. The delay, Plaintiff states, was

14   "partly due to [Plaintiff's] injured mind (slow thinking), and partly due to the fact that [Plaintiff

15   is] not knowledge in reading 911 reports," under circumstances where "both attorneys were

16   playing games with and trying to confuse [Plaintiff]" about which parties to add to the Amended

17   Complaint. Dkt. 44 at 5. Mr. Peters disavows trying to confuse Plaintiff, Dkt. 34, but no matter

18   the circumstances, it is apparent that Plaintiff mistakenly added Lacey Police Department when

19   attempting to name Defendant Packard's government employer, which is Thurston County.

20        Defendants argue in the alternative that adding Thurston County as a defendant in the

21   Amended Complaint was improper because the Court gave leave to amend only to correct the

22   name of a defendant, the City of Lacey, which was improperly named, and the Court did not give

23   leave for any other purpose. While correcting the name of a defendant was the initial legal basis

24

- 7

1  for the Order granting leave to amend, *see* Dkt. 24 at 7-9, the Order placed no limitation on

2  Plaintiff's ability to include other amendments, especially where Plaintiff mistakenly believed

3  that Defendant Packard worked for Lacey Police Department, not Thurston County.

4       The Amended Complaint, which adds Thurston County as a named defendant, relates

5  back to the initial pleading under Fed. R. Civ. P. 15(c)(1)(C). Because the Amended Complaint

6  relates back to the Complaint, which was timely commenced, the claims against Defendant

7  Thurston County were timely commenced and are not barred by the statute of limitations.

8       Defendants have not raised—and this Court makes no finding as to—the sufficiency of

9  the evidence on the §1983 claim against Defendant Thurston County, which cannot be

10  vicariously liable for Defendant Packard's conduct. *See Monell v. Department of Social Servs.*,

11  436 U.S. 658, 690-91 (1978) and its progeny.

12  * * *

13       THEREFORE, Defendant Chris Packard's and Defendant Thurston County's Motion to

14  Dismiss/ Summary Judgment (Dkt. 34) is DENIED.

15       Plaintiff shall have until **Friday, February 2, 2018**, to properly serve Defendant

16  Thurston County and Defendant Chris Packard under Fed. R. Civ. P. 4. By that date Plaintiff

17  must also file an affidavit or other proof of service.

18       This Order should not be construed as a stay on discovery; the parties are encouraged to

19  proceed with discovery in good faith.

20       IT IS SO ORDERED.

21       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

22  to any party appearing *pro se* at said party's last known address.

23       Dated this 25th day of January, 2018.

24

_____

ROBERT J. BRYAN
United States District Judge