1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

11

SCARLETT VERMILLION,

CASE NO. 3:17-cv-05514-RJB

Plaintiff,

12

v.

13

LACEY POLICE DEPARTMENT AND
CITY OF LACEY, CHRIS PACKARD,
and THURSTON COUNTY,

14

15

Defendants.

SECOND ORDER ON
DEFENDANT CITY OF LACEY
AND LACEY POLICE
DEPARTMENT'S MOTION FOR
SUMMARY JUDGMENT

16
17
18
19

THIS MATTER comes before the Court on Defendant City of Lacey and Lacey Police

Department's Motion for Summary Judgment. Dkt. 39. The Court has considered the motion and

the remainder of the file herein.

20
21
22
23

The narrow issue presented by the motion is whether the City of Lacey was involved with

Plaintiff's negative encounter with law enforcement on July 4, 2014. Because there has been no

showing that any City of Lacey entity or agent, including the Lacey Police Department, was

involved with the incident, summary judgment of dismissal should be granted.

24

SECOND ORDER ON DEFENDANT CITY OF LACEY AND LACEY POLICE DEPARTMENT'S MOTION
FOR SUMMARY JUDGMENT - 1

BACKGROUND

**A. The Amended Complaint and named parties.**

Plaintiff e-filed her 28 U.S.C. §1983 Complaint on July 5, 2017, the last day to file the

case under the applicable three year statute of limitations, given the July 4th holiday. Dkts. 1-2, 1-

9. *See discussion*, Dkt. 24 at 3-6. The Complaint named as defendants Lacey Police Department

and "Chris Packard c/o Lacey Police Department," both with the same mailing address of 420

College St. SE, Lacey, Washington. Dkt. 1-2 at 1.

On November 2, 2017, the Court issued an Order finding that "Lacey Police Department"

was not a proper defendant. Dkt. 24 at 8. The Court gave Plaintiff the opportunity to file an

amended complaint naming the City of Lacey, not Lacey Police Department, as a defendant. *Id*.

Plaintiff filed the Amended Complaint on November 20, 2017. Dkt. 28. The Amended

Complaint names a defendant, "Lacey Police Department and City of Lacey," as one entity

(hereinafter, "The City of Lacey Defendant"). Dkt. 28 at 2. Also named are "Chris Packard c/o –

Officer," and "Thurston County a Political subdivision of the State of WA (Sheriff's Depart.)."

*Id*. The Amended Complaint alleges substantially the same set of facts about the July 4, 2014 law

enforcement incident. *See* Dkts. 1-2 and 28.

**B. The City of Lacey Defendant's Motion for Summary Judgment.**

The City of Lacey Defendant filed its Motion for Summary Judgment on December 7,

2017. Dkt. 39. The motion seeks summary judgment of dismissal on the basis that no City of

Lacey officer or entity was in any way involved in the July 4, 2014 incident. The City of Lacey

Defendant substantiated its motion with the declaration of Joe Upton, Commander with the

Lacey Police Department, who represented under penalty of perjury that, after a thorough review

of all Lacey Police Department records, "I have determined that no Lacey Police Department

1    officers were involved in any way with the July 4, 2014 incident." Dkt. 40 at 1. A detailed 911

2    log for a July 4, 2014 police event references Chris Packard (*id*. at 3) and Plaintiff (*id*. at 4), but

3    not the Lacey Police Department. The City of Lacey Defendant also referred the Court to a

4    declaration by Chris Packard, a named defendant, who stated that since 2012 he has been

5    continuously employed with Thurston County Sherriff's Office. Dkt. 35 at 1.

6         On January 3, 2018, after the both the Court and the City of Lacey Defendant warned

7    Plaintiff of the consequences for failing to respond to a motion for summary judgment, Dkt. 39 at

8    1; Dkt. 43), Plaintiff filed a Response to another pending motion for summary judgment. Dkt. 44

9    at 1. Plaintiff filed a Response to the City of Lacey Defendant's motion for summary judgment

10   in paper format on January 16, 2018, but the pleading was not processed by the Clerk's Office

11   until after the Court had already granted the City of Lacey Defendant's motion for summary

12   judgment, on January 24, 2018. Dkt. 52.

13        Two days later, on January 26, 2018, the Court vacated its Order and considered the

14   merits of Plaintiff's Response. Dkt. 57 at 1. The Court construed the pleading as a request for

15   additional time to supplement the record in opposition to the motion. *Id*. at 2. The Court gave

16   Plaintiff a deadline of February 12, 2018, to file supplemental materials. At Plaintiff's request,

17   the Court extended the deadline to February 26, 2018. Dkt. 71. The City of Lacey Defendant has

18   supplemented their showing with a City of Lacey map and accompanying declaration, to show

19   that the July 4, 2014 incident occurred in unincorporated Thurston County, not within the City of

20   Lacey. Dkt. 83.

21   **C.  Plaintiff's showing.**

22        As relevant to the issue presented, whether the City of Lacey was involved with the July

23   4, 2014 incident, Plaintiff has stated in prior pleadings, "I am just not that knowledgeable in all

24

SECOND ORDER ON DEFENDANT CITY OF LACEY AND LACEY POLICE DEPARTMENT'S MOTION
FOR SUMMARY JUDGMENT - 3

1  the different departments and ranks of the law enforcement . . . I also believe that the Lacey

2  Police Department was in fact present that day [of July 4, 2014]." Dkt. 44 at 6.

3          Since Plaintiff's request for an extension of time, Plaintiff has made multiple filings, all

4  of which the Court has considered. Plaintiff has not requested more time for discovery. Plaintiff

5  has not filed any police reports, affidavits, or other evidence, other than her own declarations

6  relevant to the issue at hand. In an unsworn (but signed) statement, Plaintiff avers:

7          As discussed prior to this date, there is still yet another report out there, at least one, that
          time after time of me politely requesting . . . [has been] denied, time after time . . . There
8          are many men and women with access in certain positions in this county whom have
          adamantly refused to come forward with this information. Until this record surface then
9          perhaps we can dismiss the Lacey Police Department being a part of the July 4th
          incident[.]
10         . . .
          I believe that Lacey Police Department was involved in the July 4th incident. There were
11         many police vehicles not all were marked Sheriffs, at minimal they were there in support
          and taking witnesses' accounts of what happened. There was more than just one area the
12         Officers were in. This incident also happened in the City of Lacey . . . There is evidence
          it happened in the City of Lacey, WA is involved and has a responsibility and duty as
13         well. [*sic*]

14  Dkt. 75 at 1. In another unsworn statement, Plaintiff states that the Lacey Police Department and

15  the City of Lacey were "at the scene of the said [*sic*] incident that involved Ms. Vermillion."

16  Dkt. 76 at 1, 2.

17                                    STANDARD FOR SUMMARY JUDGMENT

18         Summary judgment is proper only if the pleadings, the discovery and disclosure materials

19  on file, and any affidavits show that there is no genuine issue as to any material fact and that the

20  movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is

21  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

22  showing on an essential element of a claim in the case on which the nonmoving party has the

23  burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). A genuine dispute over a

24

SECOND ORDER ON DEFENDANT CITY OF LACEY AND LACEY POLICE DEPARTMENT'S MOTION
FOR SUMMARY JUDGMENT - 4

1  material fact exists if there is sufficient evidence supporting the claimed factual dispute,

2  requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,*

3  *Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

4  *Association*, 809 F.2d 626, 630 (9th Cir. 1987); *Matsushita Elec. Indus. Co. v. Zenith Radio*

5  *Corp.*, 475 U.S. 574, 586 (1986).

6  <u>DISCUSSION</u>

7  In support of the City of Lacey Defendant's position that no City of Lacey entity or agent

8  was involved with the July 4, 2014 incident, the City of Lacey Defendant has submitted or relied

9  upon the following evidence: (1) a 911 log for the July 4, 2014 incident, which documents the

10  law enforcement officers and entities at the incident; (2) the declaration of Lacey Police

11  Department Commander, John Upton, who has reviewed records for involvement by Lacey

12  Police Department; (3) the declaration of Chris Packard, who states he works for Thurston

13  County, not the City of Lacey; and (4) a map showing the location of the incident as

14  unincorporated Thurston County, not the City of Lacey. Viewed as a whole, this evidence is

15  overwhelming.

16  The evidence is also not refuted by Plaintiff, other than by Plaintiff's unsworn statements,

17  which offered her beliefs, but not facts. In light of all the evidence, this is not enough. Plaintiff

18  has been given more than ample opportunity to seek discovery and does not now seek additional

19  time. She offers no theory about why the evidence in the record errs and makes no showing of

20  what additional discovery could show.

21  On this record, the Court finds no issue of material fact about whether the City of Lacey

22  was involved with the July 4, 2014 incident. The motion for summary judgment of dismissal

23  should be granted and the City of Lacey Defendant dismissed.

24

* * *

THEREFORE, it is HEREBY ORDERED:

Defendant City of Lacey and Lacey Police Department's Motion for Summary Judgment (Dkt. 39) is HEREBY GRANTED. The claims against the City of Lacey Defendant (named "Lacey Police Department and City of Lacey") are DISMISSED.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of March, 2018.

ROBERT J. BRYAN
United States District Judge