UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCARLETT VERMILLION,<br><br>                      Plaintiff,<br>    v.<br><br>CITY OF LACEY AND LACEY POLICE DEPARTMENT, CHRIS PACKARD, and THURSTON COUNTY,<br><br>                      Defendants. | CASE NO. 3:17-cv-05514-RJB<br><br>ORDER ON DEFENDANTS CHRIS PACKARD'S AND THURSTON COUNTY'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT/ DISMISSAL |

      THIS MATTER comes before the Court on Defendants Chris Packard's and Thurston County's Renewed Motion and Memorandum for Summary Judgment/Dismissal. Dkt. 66. The Court has considered the motion and the remainder of the file herein.

      The primary issue raised by the motion is whether Plaintiff properly served Chris Packard and Thurston County (hereinafter, "Thurston County Defendants") under Fed. R. Civ. P. 4. *See* Dkt. 66.

ORDER ON DEFENDANTS CHRIS PACKARD'S AND THURSTON COUNTY'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT/ DISMISSAL - 1

Plaintiff initially filed affidavits of mailing by certified mail, Dkt. 21, which is insufficient service of process. The Court warned Plaintiff of their insufficiency under Fed. R. Civ. P. 4. Dkt. 53 at 3. Plaintiff again filed affidavits of mailing by certified mail, Dkts. 61-63, but thereafter filed pleadings indicating that she hired a service of process professional. *See* Dkt. 78 at 4-27. Plaintiff states that "certified mail is clearly defined as acceptable, however, in addition . . . a served order including a complaint and summons has been initiated to . . . Thurston County [and] Mr. Chris Packard." Dkt. 76 at 2. *See also*, Dkt. 76 at 3 ("They have been served both a complaint and summons."); Dkt.74 at ¶3 ("Everyone has been properly served.").

Plaintiff submitted several sworn declarations by the hired process server, all of which swear that a "SUMMONS IN A CIVIL ACTION" was served. Dkt. 78 at 5, 11, 14, 15. None reference service of the Complaint. *See id.*

Thurston County Defendants acknowledge that the process server attempted service on Thurston County, but, they maintain, service was attempted on departments or offices other than the County Auditor, who is the person designated at law to receive service. Dkt. 79 at 1, 2. *See* RCW 4.28.080(1). Regarding service on Chris Packard, Thurston County Defendants acknowledge that service was attempted on Chris Packard, but, they maintain, Chris Packard's father was served the first page of the Summons, which was not accompanied by the Complaint. *Id.* Thurston County Defendants also object to Plaintiff's showing of personal service as untimely. *Id.*

Under Fed. R. Civ. P. 4(m), "if the plaintiff shows good cause for the failure [to serve process], the court must extend the time for service for an appropriate period." The Court finds—again—that there is a showing of good cause to extend the time limit for service. Plaintiff suffers from physical and mental health issues, and has made continued efforts to perfect service of

process. Plaintiff is self-represented, she should be afforded deference and her pleadings liberally construed. *Soliz v. U.S.*, 851 F.2d 361 (1988). In response to the Order (Dkt. 53 at 8), Plaintiff hired a service of process professional who did not perfect service of process, by all appearances not at the fault of Plaintiff. Plaintiff has shown good cause, and should be given a limited window of time to perfect service of process.

Based on the parties' submissions, the Court has identified two errors that, if not remedied by Plaintiff by **March 16, 2018**, should result in dismissal for insufficient service of process.

(1) Defendants must be served with a copy of both the Summons and the Complaint. Fed. R. Civ. P. 4(c)(1). Despite Plaintiff's representations to the contrary (Dkt. 76 at 2; Dkt. 78 at 2), the process server—who actually served process—states by affidavit that she served the Summons, but the affidavit makes no mention of serving the Complaint. *See* Dkt. 78 at 5, 11, 14, 15.

(2) For purposes of serving Thurston County, "the county auditor or, during normal office hours, [ ] the deputy auditor" must be personally served. RCW 4.28.080(1). Presumably for this reason, "Nancy said she would take the documents, but is not accepting service" on behalf of Thurston County. Dkt. 78 at 22. By statute, no other person or department suffices.

To remedy these errors, Plaintiff must file an affidavit or sworn statement of the person who served process. Plaintiff's own representations will not be a sufficient showing.

The Court notes that the Amended Complaint (Dkt. 28) controls who is (and is not) part of this case. Because the Court dismissed the City of Lacey Defendant, named as "City of Lacey and Lacey Police Department," Dkt. 84, the only remaining defendants are Thurston County and

Chris Packard. *See* Dkt. 28. Service of process on persons other than Thurston County and Chris Packard is futile and a waste of resources.

\* \* \*

THEREFORE, it is HEREBY ORDERED:

- Defendants Chris Packard's and Thurston County's Renewed Motion and Memorandum for Summary Judgment/Dismissal (Dkt. 66) is HEREBY RENOTED for consideration on **Wednesday, March 21, 2018**. Thurston County Defendants may, but are not required, to file supplemental briefing by that date.
- Plaintiff must make a showing of the following, in writing, by **Friday, March 16, 2018**:
    1. Service of process on Thurston County and Chris Packard of the Summons and the Complaint. Fed. R. Civ. P. 4(c)(1).
    2. Service of process on the County Auditor or Deputy County Auditor. RCW 4.28.080(1).
- The other pending motions (Dkts. 72, 77 and 78), which are ripe, are HEREBY RENOTED for consideration on March 21, 2018.
- Absent an emergency, no extension for deadlines shall be given.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of March, 2018.

_____
ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS CHRIS PACKARD'S AND THURSTON COUNTY'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT/ DISMISSAL - 4