# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| SCARLETT VERMILLION,<br><br>                Plaintiff,<br>    v.<br><br>CHRIS PACKARD and THURSTON COUNTY,<br><br>                Defendants. | CASE NO. 3:17-cv-05514-RJB<br><br>ORDER GRANTING THURSTON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND STRIKING ALL OTHER PENDING MOTIONS AS MOOT |

      THIS MATTER comes before the Court on Defendants Chris Packard's and Thurston County's Motion for Summary Judgment. Dkt. 66. Also pending are Plaintiff's Motion to Amend (Dkt. 72), Plaintiff's Motion for Allowance of Entry of Service of Summons and Complaint (Dkt. 77), and Plaintiff's Motion to Submit Summons and Complaint Affidavit (Dkt. 78). The Court has considered the motion and the remainder of the file herein.

      The primary issue raised by the motion for summary judgment is whether Plaintiff properly served Chris Packard and Thurston County (hereinafter, "Thurston County

Defendants") under Fed. R. Civ. P. 4. *See* Dkt. 66. Because Plaintiff has not made a showing of proper service of process, despite multiple opportunities to do so, summary judgment in favor of the Thurston County Defendants should be granted.

**1. Procedural history.**

Plaintiff, who is self-represented, filed this case on the last possible day within the statute of limitations. Dkt. 24 at 8. The Complaint names Chris Packard as a defendant, and this Court found that Thurston County should be added as a defendant that 'relates back' to the filing of the initial pleading. Dkt. 53 at 6-8.

The Thurston County Defendants first raised insufficient service of process by motion on December 1, 2017. Dkt. 34. The motion sought dismissal based on the failure to timely serve the Thurston County Defendants. The motion also challenged the sufficiency of Plaintiff's service of process showing, because Plaintiff had only shown service by "affidavits of mailing by certified mail." Dkt. 21. On January 25, 2018, the Court denied the motion and exercised its discretion to give Plaintiff the opportunity properly serve the Thurston County Defendants by February 2, 2018. Dkt. 53 at 8. The Court also warned Plaintiff of the insufficiency of certified mail under Fed. R. Civ. P. 4. Dkt. 53 at 3.

On January 26, 2018, Plaintiff again filed affidavits of mailing by certified mail. Dkts. 61-63. On February 14, 2018, Plaintiff filed pleadings indicating that she had hired a service of process professional. *See* Dkt. 78 at 4-27. The sworn declarations of the hired process server, however, swear only that they served a "SUMMONS IN A CIVIL ACTION," not the Complaint. Dkt. 78 at 5, 11, 14, 16.

On February 7, 2018, the Thurston County Defendants filed the Motion for Summary Judgment currently pending before the Court, again raising insufficient service of process. Dkt. 66.

On March 8, 2018, the Court considered the entirety of the record as to Plaintiff's service of process showing. Dkt. 85. Over Thurston County Defendants' objection, the Court gave Plaintiff another opportunity to perfect service of process and re-noted the Thurston County Defendants' Motion for Summary Judgment to March 16, 2018. Dkt. 85. The Court explicitly identified "two errors that, if not remedied by Plaintiff by **March 16, 2018**, should result in dismissal for insufficient service of process." Dkt. 85 at 3 (emphasis in original).

Plaintiff has not filed anything since the March 8, 2018 Order, despite explicit instructions, warnings of the consequences, and multiple chances to cure the defect. Therefore, Defendant Chris Packard and Defendant Thurston County should be dismissed for insufficient service of process. The motion for summary judgment should be granted and the case dismissed.

Because there remain no other defendants in the case, all other pending motions should be stricken as moot.[1]

* * *

THEREFORE, the Thurston County Defendants' Motion for Summary Judgment is GRANTED. Defendant Chris Packard and Defendant Thurston County are HEREBY DISMISSED for insufficient service of process.

All other pending motions (Dkts. 72, 77, 78) are HEREBY STRICKEN as moot. The case is closed.

---

[1] The Court has considered all other pending motions insofar as they could inform Plaintiff's service of process showing.

ORDER GRANTING THURSTON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND STRIKING ALL OTHER PENDING MOTIONS AS MOOT - 3

1     It is so ordered.

2     The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of March, 2018.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge